IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Tricam Industries, Inc, | |
| Plaintiff, | **COMPLAINT** |
| vs. | Case No.: |
| Meridian International Co., Ltd., and Meridian International Co., Ltd. USA, | **Jury Demanded** |
| Defendants. | |

Plaintiff Tricam Industries, Inc. ("Tricam"), by and through counsel, alleges and complains against Defendants Meridian International Co., Ltd. and Meridian International Co., Ltd. USA (together, "Meridian International"), as follows:

## NATURE OF THIS ACTION

1. Tricam invests significant resources into developing unique, innovative, and patented products, including its wheeled carts (*e.g.*, a utility trailer). Tricam owns valid and enforceable patents related to its wheeled carts, including (1) U.S. Pat. No. 7,210,697 ("'697 Patent"), entitled "Convertible Handle," (2) U.S. Pat. No. 7,441,792 ("'792 Patent"), entitled "Trailer with Convertible Handle," (3) U.S. Pat. No. 7,390,065 ("'065 Patent), entitled "Dumping Utility Cart;" and (4) U.S. Pat. No. 7,887,141 ("'141 Patent"), entitled "Articulated Utility Cart" (referred to collectively, *e.g.*, as "'697, '792, '065, and '141 Patents"). Copies of the '697, '792, '065, and '141 Patents, are attached as Exhibits A-D, respectively, and hereby incorporated by reference in their entirety.

2. Meridian International sells and markets wheeled tool carts ("Meridian Tool Carts"), *e.g.*, the "Expert Gardner Landscaping Plant Tool Cart," that infringe at least one claim from each of the '697 and '792 Patents.

3. Meridian International has sold and marketed wheeled dump carts ("Meridian Dump Carts"), *e.g.*, the "Expert Gardener 400 lbs. Capacity Poly Landscape & Garden Dump Cart, Black Color," that infringe at least one claim of the '065 Patent.

4. Meridian International sells and markets Meridian Dump Carts that infringe at least one claim of the '141 Patent.

5. Meridian International deliberately and willfully infringed Tricam's '697 and '792 Patents since at least as early as January 23, 2023, when it received written notice from Tricam demanding that it cease all infringing activities.

6. Meridian International deliberately and willfully infringed Tricam's '065 and '141 Patents since at least as early as March 17, 2023, when it received written notice from Tricam demanding that it cease all infringing activities.

## THE PARTIES

7. Tricam is a Minnesota corporation having a principal place of business at 7677 Equitable Drive, Eden Prairie, MN 55344.

8. On information and belief, Meridian International Co., Ltd. is a Colorado company having a principal place of business at 7042 S Revere Pkwy, Suite 470, Centennial, CO 80112.

9. On information and belief, Meridian International Co., Ltd. USA is a Colorado corporation having a principal place of business at 7042 S Revere Pkwy, Suite 470, Centennial, CO 80112.

## JURISDICTION AND VENUE

10. This is an action for patent infringement under the U.S. Patent Act, specifically, 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

11. The Court has personal jurisdiction over Meridian International because it has a principal place of business in Colorado, conducts business in the state, and, on information and belief, sells and markets its infringing Meridian Tool Carts and Meridian Dump Carts in the state.

12. Venue is proper in the District of Colorado under 28 U.S.C. §§ 1391 and 1400 at least for the reasons this Court has personal jurisdiction.

## TRICAM'S PRODUCTS AND PATENTS

13. The '697 Patent issued May 1, 2007.

14. The '792 Patent issued October 28, 2008.

15. The '065 Patent issued June 24, 2008.

16. The '141 Patent issued February 15, 2011.

17. The '697, '792, '065, and '141 Patents are valid and enforceable.

18. Although the '065 Patent has expired, it may be enforced to recover damages under 35 U.S.C. § 286.

19. The '697 and '792 Patents generally relate to a convertible handle that can be used with a trailer.

20. The '065 and '141 Patents generally relate to vehicles used for transporting and dumping articles.

21. For illustrative purposes, Figures 1,2 and 6 of the '792 Patent depict the following:



22. For illustrative purposes, Figures 1 and 2 of the '065 Patent depict the following:



23. At all times relevant to this action, Tricam has given notice to the public of the '697, '792, '065, and '141 Patents through marking.

24. At all times relevant to this action, Tricam is and has been making and selling products that incorporate one or more of the claims from the '697, '792, '065, and '141 Patents.

### INFRINGEMENT OF THE '697 AND '792 PATENTS

25. Meridian International sells Meridian Tool Carts with convertible handles, an example of which is shown here:



26. Meridian International sells its Meridian Tool Carts online through Walmart, *e.g*., at the following webpage: https://www.walmart.com/ip/Expert-Gardener-Landscaping-Plant-Tool-Cart/1041295229. A copy of the webpage is included as Exhibit E and hereby incorporated by reference in its entirety.

27. Meridian Tool Carts infringe at least one claim from each of the '697 and '792 Patents:

 

28. A Meridian Tool Cart includes a convertible handle (A).

29. A Meridian Tool Cart includes a tongue portion (B) that is pivotally attached to the handle (A).

30. A Meridian Tool Cart's tongue portion (B) includes a clevis with a pair of branches.

31. A Meridian Tool Cart includes a handle portion (C).

32. A Meridian Tool Cart includes a handle portion (C) with a gripping portion end and a clevis end.

33. A Meridian Tool Cart includes an intermediate pivot (D).

34. A Meridian Tool Cart includes two removable pins (E) in its convertible handle.

35. A Meridian Tool Cart's handle portion (C) is pivotably shiftable about the intermediate pivot (D).

36. A Meridian Tool Cart's handle portion (C) is pivotally shiftable about the intermediate pivot (D) to a first configuration that presents handle portion's gripping portion end proximate to an end of the tongue portion (B).

37. A Meridian Tool Cart's handle portion (C) is pivotally shiftable to a second configuration that presents the handle portion's clevis end proximate to an end of the tongue portion (B).

38. A Meridian Tool Cart has a shaft extending from the tongue portion (B).

39. At no time has Tricam given Meridian International permission, license, or authorization to use any claimed invention of the '697 and '792 Patents.

40. Tricam sells and has sold products that directly compete with the infringing Meridian Tool Carts.

41. Tricam sent Meridian International a cease-and-desist letter on January 23, 2023, demanding that it cease infringing the '697 and '792 Patents.

42. Despite having knowledge of the '697 and '792 Patents since at least as early as January 23, 2023, Meridian International continued to infringe the '697 and '792 Patents.

43. Meridian International willfully and deliberately infringed '697 and '792 Patents.

44. Meridian International will continue to infringe the '697 and '792 Patents willfully and deliberately unless enjoined by this Court.

45. Meridian International's past infringement and continued infringement has harmed, is harming, and will continue to cause irreparable harm to Tricam and Tricam's valuable patent rights.

## INFRINGEMENT OF THE '065 AND '141 PATENTS

46. Meridian International sells Meridian Dump Carts, an example of which is shown here:



47. Meridian International sells its Meridian Dump Carts online through Walmart, *e.g.*, at the following webpage:

https://www.walmart.com/ip/Expert%E2%80%90Gardener%E2%80%90400%E2%80%90lbs%E2%80%90Capacity%E2%80%90Poly%E2%80%90Landscape%E2%80%90Garden%E2%80%90Dump%E2%80%90Cart%E2%80%90Black%E2%80%90Color/455359055?athbdg=L1600. A copy of the webpage is included as Exhibit F and hereby incorporated by reference in its entirety.

48. Meridian Dump Carts (*e.g.*, AA) infringe at least one claim from each of the '065 and '141 Patents:



49. A Meridian Dump Cart has a bed (BB).

50. A Meridian Dump Cart has a chassis (CC).

51. A Meridian Dump Cart has a front wheel assembly (DD), including a set of front wheels.

52. A Meridian Dump Cart has a rear wheel assembly (EE), including a set of rear wheels.

53. A Meridian Dump Cart has at least one front wheel rotating about a front wheel axis (FF).

54. A Meridian Dump Cart has at least one rear wheel rotating about a rear wheel axis (GG).

55. A Meridian Dump Cart has an articulation axis (HH).

56. A Meridian Dump Cart has front wheels that are operably coupled to the chassis (CC).

57. A Meridian Dump Cart has rear wheels that are operably coupled to the bed (BB).

58. A Meridian Dump Cart's bed (BB) is pivotably coupled to the chassis (CC) along the articulation axis (HH).

59. A Meridian Dump Cart can be configured between a carry position ($AA_C$) and a dump position ($AA_D$).

60. In the Meridian Dump Cart's carry position ($AA_C$), the articulation axis (HH) is intermediate the front wheels and rear wheels.

61. In the Meridian Dump Cart's carry position ($AA_C$), the articulation axis (HH) is intermediate the front wheel axis (FF) and rear wheel axis (GG).

62. In the Meridian Dump Cart's dump position ($AA_D$), the rear wheels are intermediate the front wheels and the articulation axis (HH).

63. In the Meridian Dump Cart's dump position ($AA_D$), the articulation axis (HH) is behind the rear wheel axis (GG).

64. At no time has Tricam given Meridian International permission, license, or authorization to use any claimed invention of the '065 and '141 Patents.

65. Tricam sells and has sold products that directly compete with the infringing Meridian Dump Carts.

66. Tricam sent Meridian International a cease-and-desist letter on March 17, 2023, demanding that it cease infringing the '065 and '141 Patents.

67. Despite having knowledge of the '065 and '141 Patents since at least as early as March 17, 2023, Meridian International continued to infringe the '065 and '141 Patents.

68. Meridian International willfully and deliberately infringed '065 and '141 Patents.

69. Meridian International will likely continue to infringe the '141 Patent willfully and deliberately unless enjoined by this Court.

70. Meridian International's past infringement and continued infringement has harmed, is harming, and will continue to cause irreparable harm to Tricam and Tricam's valuable patent rights.

**FIRST CAUSE OF ACTION**

**(Infringement of the '697 Patent under 35 U.S.C. § 271)**

71. Tricam re-alleges and incorporates by reference the preceding allegations of this Complaint.

72. Meridian International's actions, as described above, specifically its unauthorized manufacture, use, importation, offers to sell, and sales of the infringing Meridian Tool Cart constitutes infringement of the '697 Patent under 35 U.S.C. § 271.

73. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Tool Cart has harmed, is harming, and will cause irreparable harm to Tricam unless enjoined.

74. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Tool Cart after

having knowledge of the '697 patent and Tricam's infringement allegations demonstrate a deliberate and conscious decision to infringe the '697 patent or, at the very least, a reckless disregard of Tricam's patent rights.

75. Tricam is entitled to an injunction prohibiting Tricam from further making, using, selling, or offering to sell the infringing Meridian Tool Cart without permission or license from Tricam under 35 U.S.C. § 283.

76. Tricam is entitled to recover all damages caused by Meridian International's infringement of the '697 Patent under 35 U.S.C. § 284.

77. Meridian International's continued manufacture, use, offer to sell, and/or sale of the infringing Meridian Tool Cart following its knowledge of the '697 Patent, entitles Tricam to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## SECOND CAUSE OF ACTION

### (Infringement of the '792 Patent under 35 U.S.C. § 271)

78. Tricam re-alleges and incorporates by reference the preceding allegations of this Complaint.

79. Meridian International's actions, as described above, specifically its unauthorized manufacture, use, importation, offers to sell, and sales of the infringing Meridian Tool Cart constitutes infringement of the '792 Patent under 35 U.S.C. § 271.

80. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Tool Cart has harmed, is harming, and will cause irreparable harm to Tricam unless enjoined.

81. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Tool Cart after having knowledge of the '792 Patent and Tricam's infringement allegations demonstrate a deliberate and conscious decision to infringe the '792 Patent or, at the very least, a reckless disregard of Tricam's patent rights.

82. Tricam is entitled to an injunction prohibiting Meridian International from further making, using, selling, or offering to sell the infringing Meridian Tool Cart without permission or license from Tricam under 35 U.S.C. § 283.

83. Tricam is entitled to recover all damages caused by Meridian International's infringement of the '792 Patent under 35 U.S.C. § 284.

84. Meridian International's continued manufacture, use, offer to sell, and/or sale of the Meridian Tool Cart following its knowledge of the '792 Patent, entitles Tricam to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## THIRD CAUSE OF ACTION

### (Infringement of the '065 Patent under 35 U.S.C. § 271)

85. Tricam re-alleges and incorporates by reference the preceding allegations of this Complaint.

86. Meridian International's actions, as described above, specifically its unauthorized manufacture, use, importation, offers to sell, and sales of the infringing Meridian Dump Carts constitute infringement of the '065 Patent under 35 U.S.C. § 271.

87. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Dump Carts after having knowledge of the '065 Patent and Tricam's infringement allegations demonstrate a deliberate and conscious decision to infringe the '065 Patent or, at the very least, a reckless disregard of Tricam's patent rights.

88. Tricam is entitled to recover all damages caused by Meridian International's infringement of the '065 Patent under 35 U.S.C. § 284.

89. Meridian International's continued manufacture, use, offer to sell, and/or sale of the Meridian Dump Carts following its knowledge of the '065 Patent, entitles Tricam to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## FOURTH CAUSE OF ACTION

### (Infringement of the '141 Patent under 35 U.S.C. § 271)

90. Tricam re-alleges and incorporates by reference the preceding allegations of this Complaint.

91. Meridian International's actions, as described above, specifically its unauthorized manufacture, use, importation, offers to sell, and sales of the infringing Meridian Dump Cart constitutes infringement of the '141 Patent under 35 U.S.C. § 271.

92. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Tool Cart has harmed, is harming, and will cause irreparable harm to Tricam unless enjoined.

93. Meridian International's continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing Meridian Dump Cart after having knowledge of the '141 Patent and Tricam's infringement allegations demonstrate a deliberate and conscious decision to infringe the '141 Patent or, at the very least, a reckless disregard of Tricam's patent rights.

94. Tricam is entitled to an injunction prohibiting Meridian International from further making, using, selling, or offering to sell the infringing Meridian Dump Cart without permission or license from Tricam under 35 U.S.C. § 283.

95. Tricam is entitled to recover all damages caused by Meridian International's infringement of the '141 Patent under 35 U.S.C. § 284.

96. Meridian International's continued manufacture, use, offer to sell, and/or sale of the Meridian Dump Cart following its knowledge of the '141 Patent, entitles Tricam to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## JURY DEMANDED

97. Tricam hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Tricam respectfully requests that the Court enter judgment in favor of Tricam as follows:

A. Finding that Meridian International infringes one or more claims of the '697 Patent whether literally or under the doctrine of equivalents, or whether directly or indirectly, or in any other respect under 35 U.S.C. § 271;

    B.      Finding that Meridian International infringes one or more claims of the '792 Patent whether literally or under the doctrine of equivalents, or whether directly or indirectly, or in any other respect under 35 U.S.C. § 271;

    C.      Finding that Meridian International infringed one or more claims of the '065 Patent whether literally or under the doctrine of equivalents, or whether directly or indirectly, or in any other respect under 35 U.S.C. § 271;

    D.      Finding that Meridian International infringes one or more claims of the '141 Patent whether literally or under the doctrine of equivalents, or whether directly or indirectly, or in any other respect under 35 U.S.C. § 271;

    E.      Enjoining Meridian International, its officers, directors, principals, agents, and all persons in active concert or participation with Meridian International, each directly or indirectly, from making, using, importing, selling and/or offering to sell any product that infringes one or more of the '697, '792, and '141 Patents;

    F.      Ordering that Meridian International pay damages arising from its infringement of the '697, '792, '065, and '141 Patents to Tricam to the full extent to which Tricam is entitled recovery of such damages;

    G.      Finding the case to be exceptional and awarding to Tricam, and against Meridian International, the costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, Fed. R. Civ. P. 54(d), any other applicable statute or rule, or the inherent authority of the Court;

    H.      Awarding Tricam pre- and post-judgment interest against Meridian International on all sums as allowed by law; and

I. Awarding Tricam such other and further relief as the Court deems just, equitable and proper.

Respectfully Submitted,
DEWITT LLP

Date:  June 7, 2023

By: /Eric H Chadwick/
Eric H. Chadwick
2100 AT&T Tower
900 S. Marquette Avenue
Minneapolis, MN  55402
Telephone: (612) 305-1426
ehc@dewittllp.com

**ATTORNEY FOR DEFENDANT TRICAM INDUSTRIES, INC.**